02D09-2108-CT-000431

USDC IN/ND case 1:21-cv-00346-JD-SLC document 5 filed 08/12/21 page 1 of 4

Filed: 8/12/2021 4:28 PM
Clerk
Allen County, Indiana
BB

Allen Superior Court 9

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ |

| | |
|---|---|
| STEVE W. ARCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAUFMANN PROPERTY | ) |
| MANAGEMENT CORP. | ) |
| | ) |
| Defendant. | ) |

# **COMPLAINT**

Plaintiff Steve W. Archer alleges against Defendant that:

1. The Plaintiff is Steve W. Archer who filed a Charge of Discrimination with the Equal Employment Opportunity Commission, No. 24D-2021-00100 on or about December 21, 2020, a copy of which is attached here to, made a part hereof, and incorporated herein as Exhibit A. The EEOC issued a Dismissal and Notice of Rights on or about May 19, 2021 (Exhibit B), and this Complaint has been filed within ninety days after receipt thereof.

2. The Defendant is Kaufmann Property Management Corp., which does business locally at 2216 S. Calhoun Street, Fort Wayne, Indiana 46802. The Registered Agent is Kerry S. Kaufmann, 2216 S. Calhoun Street, Fort Wayne, Indiana 46802.

3. The Defendant is an "employer" for purposes of the American's With Disabilities Act as well as the American's With Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12111 *et seq.,* as amended ("ADA/ADAAA").

4. Plaintiff is a disabled individual in that he is legally blind in his left eye which is

noticeably impaired, easily irritated, and which causes Plaintiff to experience impaired vision -- all of which substantially impairs his everyday life activity of seeing. Plaintiff is a qualified individual with a disability. Alternatively, Plaintiff was perceived and regarded by the Defendant as being disabled and/or has a record of impairment with respect to his left eye/impaired vision. Regardless of his disability/eye condition, Plaintiff could perform the essential functions of his job either with or without reasonable accommodations.

5. Around the last week of June 2020, Plaintiff reached out to his supervisor and requested that he be removed from on-call duties due to a pre-existing medical condition (his legally blind impaired left eye).

6. Plaintiff attempted to engage in the interactive process and requested the reasonable accommodation of being removed from all-call duties which would have allowed him to perform his duties during the day and he would not have to perform those duties at night during the evening hours since he could not see after dark to drive to the on-call locations -- but Defendant denied him this reasonable accommodation.

7. Approximately two weeks after asking for the reasonable accommodation of no night-time on-call duties, Plaintiff was nevertheless given an evening on on-call work order. Plaintiff could not perform it, and so Plaintiff called the tenant and asked if the tenant was alright, because two light fixtures had fallen in his sleeping room. The tenant informed the Plaintiff that he was on his way to get treatment received as a result of the fallen light fixtures. Plaintiff told the tenant that he would be there the next morning to rehang the fixtures, which Plaintiff did complete.

–2–

8. Approximately a week later, Plaintiff was an air-conditioning repair job in the field, and he received a phone call from the supervisor to meet him at the officer where he was terminated for refusing to go on an after-hours on-call work order in the evening, which would have jeopardized the Plaintiff's life because of his greatly impaired vision at night caused by the blindness in his left eye. Plaintiff claims that he was retaliated against for engaging in the interactive process and seeking reasonable accommodations.

9. As a direct and proximate result of the discrimination and retaliation on account of participating in the interactive process and seeking reasonable accommodations, Plaintiff suffered a loss of his job and job-related benefits including income. Plaintiff experienced emotional distress, mental anguish, humiliation, embarrassment, financial distress, inconvenience, and other damages and injuries.

10. Plaintiff requests compensatory damages and he requests punitive damages given the intentional nature of Defendant's conduct in violating Plaintiff's rights under the ADA/ADAAA. Defendant's violation of Plaintiff's rights under the ADA was intentional and in reckless disregard of Plaintiff's federal statutory rights.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for backpay, front pay, the value of lost employment benefits, compensatory damages, punitive damages, reasonable attorney's fees and costs and for all other just and proper relief available under the ADA/ADAAA.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by

jury in this action.

                              Respectfully submitted,

                              **MYERS ♦ SMITH ♦ WALLACE, LLP**

                              */s/Christopher C. Myers*
                              Christopher C. Myers, #10043-02
                              809 South Calhoun Street, Suite 400
                              Fort Wayne, IN 46802
                              Telephone:   (260) 424-0600
                              Facsimile:    (260) 424-0712
                              E-mail:        cmyers@myers-law.com
                              *Counsel for Plaintiff*